UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **RICK MURPHY** <br> 20714 Augusta Drive <br> Lawrenceburg, IN  47025 <br><br> Plaintiff, <br><br> v. <br><br> **THE PHOTO-TYPE ENGRAVING COMPANY** <br> 2141 Gilbert Avenue <br> Cincinnati, OH  45206 <br><br> <u>Also serve its statutory agent:</u> <br> Richard F. Olberding <br> 2144 Florence Avenue <br> Cincinnati, OH  45206 <br><br> Defendants. | Case No. 1:17-cv-66 <br><br> Judge _____ <br><br><br><br> **COMPLAINT WITH JURY DEMAND ENDORSED HEREON** |

## **PARTIES**

1. Defendant The Photo-Type Engraving Company ("Defendant") is a for-profit Ohio corporation that provides graphic printing solutions to the consumer packaged goods industry and other industries.  Gravity Brand Action ("Gravity") is a division of Defendant's enterprise that operates as a branding and advertising agency and graphic design studio.

2. Defendant is an employer pursuant to federal and Ohio law.

3. Plaintiff Rick Murphy ("Mr. Murphy") is a citizen and resident of the state of Indiana.  Mr. Murphy worked for more than ten years in Defendant's Gravity division.

1

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Count I pursuant to 28 U.S.C. § 1331 because this Count arises under the Age Discrimination in Employment Act ("ADEA").

5. This Court has supplemental jurisdiction over the state law claim in Counts II pursuant to 28 U.S.C. § 1367 on the grounds that this Count is so related to the federal claim over which this Court has original jurisdiction that it forms the same case or controversy.

6. This Court has personal jurisdiction over Defendant because it conducts business and employed Mr. Murphy within this district and division.

7. Venue is proper in this division and district pursuant to 29 U.S.C. § 1391(b). Mr. Murphy was employed in this division and district, and the conduct giving rise to his claims occurred within this division and district.

8. Mr. Murphy filed a timely charge alleging age discrimination with the Equal Employment Opportunity Commission ("EEOC"). On or about December 22, 2016, Mr. Murphy received a Notice of Right to Sue from the EEOC.

**FACTUAL BACKGROUND**

9. Mr. Murphy began working for Defendant's Gravity division in February of 2005 as its Creative Director. In this role Mr. Murphy, among other duties, supervised a team of Designers and Production Artists and reported to Chuck Rovito, Gravity's Vice President of Creative Services.

10. Mr. Murphy was, at all relevant times, a loyal, dedicated and productive employee who was highly regarded by his peers, his direct reports and Gravity's clients.

11. At all relevant times, Mr. Murphy was fully qualified for his position and performed his duties well.

12. Beginning in approximately 2015, Gravity's leadership determined that they wanted to market Gravity's services differently in order to compete with larger brand and advertising agencies. Gravity's leadership, and Mr. Rovito in particular, determined that "new blood" and a younger creative team was necessary to effectuate this new direction and that Mr. Murphy was too old to connect with clients and younger employees in the way Mr. Rovito envisioned. Indeed, members of Gravity's leadership lamented the "gray hair" at Gravity, and Mr. Rovito specifically (and wrongly) expressed that he did not believe Mr. Murphy's design skills were "what they used to be." Rather, Mr. Rovito expressed that he wanted to have someone energetic who would be comfortable "high fiving" clients serve as Gravity's creative leader.

13. On or about August 9, 2016, Mr. Rovito informed Mr. Murphy that Defendant was terminating his employment effective immediately. Mr. Rovito explained that Gravity was eliminating Mr. Murphy's position in connection with a reduction in force.

14. Mr. Rovito's reduction in force explanation was false. Gravity did not terminate him because of a reduction in force. Rather, after terminating Mr. Murphy, Gravity hired a substantially younger, less qualified person to replace him as Gravity's creative director. Further, shortly after firing Mr. Murphy, Gravity hired additional personnel (who were substantially younger than Mr. Murphy) to work in its creative function. Stated otherwise, contrary to its reduction in force explanation, Gravity actually increased the size of its creative functional group after it fired Mr. Murphy.

15. Mr. Murphy was sixty-two years old when Defendant fired him. He was one of the oldest and longest-tenured Gravity employees.

## COUNT I

**(Age discrimination in violation of the
Age Discrimination in Employment Act ("ADEA")**

16. Plaintiff alleges all of the foregoing paragraphs as if fully rewritten here.

17. Plaintiff was over 40 years of age at the time of his termination and was fully qualified for the position he held.

18. Defendant's termination of Plaintiff's employment permitted the hiring and/or retention of substantially younger, less qualified employees.

19. Defendant terminated Plaintiff because of his age in violation of the Age Discrimination in Employment Act ("ADEA").

20. Defendant's conduct in terminating Plaintiff was intentional, malicious and in reckless disregard of Plaintiff's legal rights.

21. As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff has suffered injury and damages for which he is entitled to recovery.

## COUNT II

**(Age discrimination in violation of
Ohio Revised Code Chapter 4112)**

22. Plaintiff alleges all of the foregoing paragraphs as if fully rewritten here.

23. Plaintiff was over 40 years of age at the time of his termination and was fully qualified for the position he held.

24. Defendant's termination of Plaintiff's employment permitted the hiring and/or retention of substantially younger, less qualified employees.

25. Defendant terminated Plaintiff because of his age in violation of Ohio Revised Code Chapter 4112.

26. Defendant's conduct in terminating Plaintiff was intentional, malicious and in reckless disregard of Plaintiff's legal rights.

27. As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff has suffered injury and damages for which he is entitled to recovery.

**WHEREFORE**, Plaintiff Rick Murphy demands judgment against Defendant The Photo-Type Engraving Company as follows:

(a) That Plaintiff be reinstated;

(b) That Plaintiff be awarded compensatory damages including emotional distress damages;

(c) That Plaintiff be awarded all lost pay and benefits, including all lost front pay;

(d) That Plaintiff be awarded punitive damages;

(e) That Plaintiff be awarded liquidated damages;

(f) That Plaintiff be awarded pre-judgment interest;

(g) That Plaintiff be awarded reasonable attorneys' fees and costs; and

(h) That Plaintiff be awarded all other legal and equitable relief to which he may be entitled.

## JURY DEMAND

Plaintiff Rick Murphy hereby demands a trial by jury on all issues so triable.

    Respectfully submitted,

    /s/ Theodore C. Copetas
    Theodore C. Copetas (0068419)
    David A. Eberly (0067007)
    Eberly McMahon Copetas LLC
    2321 Kemper Lane, Suite 100
    Cincinnati, OH 45206
    513.533.9898
    513.533.3554 FAX
    tcopetas@emclawyers.com
    deberly@emclawyers.com

    Counsel for Plaintiff Rick Murphy